■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND BARNES, Appellant. [631 NYS2d 675] —Judgment, Supreme Court, New York County (Patricia Williams, J., at hearing; Renee White, J., at trial and sentence), rendered January 5, 1994, convicting defendant, after a jury trial, of two counts each of robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

Contrary to defendant's contention, his showup identification was not suggestive merely because the complainants were together when they accidentally viewed defendant. Group identifications are not per se impermissible (*People v Love*, 57 NY2d 1023). Here, the complainants spontaneously identified defendant in close spatial and temporal proximity to the crime. Thus, it cannot be concluded that they influenced one another in making their identifications. Nor was the showup rendered suggestive because the complainants were told beforehand that they would be viewing the possible perpetrator. The record does not support defendant's argument that he was surrounded by police and security guards when the complainants identified him.

As the trial court properly held in denying defendant's *Batson* challenge, defendant failed to make prima facie showing of discrimination on the basis of the prosecutor's use of three peremptory challenges to exclude African-Americans (*People v Jenkins*, 84 NY2d 1001). Although the prosecutor supplied her race-neutral reasons for excluding the three African-Americans, having concluded that defendant had failed to establish a prima facie case of discrimination, the court properly declined to rule on the question whether the reasons offered were a pretext. We find, in any event, that these reasons were not pretextual (*People v Allen*, 86 NY2d 101).

Defendant has failed to establish that the court vindictively

enhanced his sentence for exercising his right to a trial. Although the sentencing court was influenced by defendant's refusal of a plea offer by the People, it relied on appropriate factors such as defendant's unwillingness to accept responsibility for his crimes and his poor behavior at trial in sentencing him (*compare*, *People v Cox*, 122 AD2d 487, 488-489). Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.