■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [654 NYS2d 771] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered August 19, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion when it closed the courtroom during the trial testimony of the police officers, both of whom testified at a *Hinton* hearing that they continued to work in an undercover capacity in the exact area where defendant was arrested, that they had ongoing investigations there and that they feared for their safety if the courtroom remained open during their trial testimony (*People v Martinez*, 82 NY2d 436). We note in particular the testimony of the backup officer that "it is well known that there are undercover officers testifying in this building, and individuals from th[e] vicinity [where the defendant was arrested and the undercovers continued to work] come here", thus jeopardizing the safety of the two officers and others.

In affirming the trial court's decision to close the courtroom, we are not unmindful of the Second Circuit Court of Appeals' recent decision in *Ayala v Speckard* (89 F3d 91) which could be read as imposing a more rigorous test than that articulated by our Court of Appeals in *Martinez (supra)*. Without reaching the issue of the precise impact *Ayala* should have upon the State courts (*People v Kin Kan*, 78 NY2d 54, 60 [interpretation of a Federal constitutional question by the lower Federal courts constitutes useful and persuasive authority, but not binding on Court of Appeals]), or the wisdom of that decision, it suffices at this juncture to state closure was warranted on these facts under the *Ayala* guidelines. The *Ayala* court specifically indicated that had the undercover officer in that case "suggested that [defendant's] associates or other residents of the neighborhoods in which [the police officer] performed undercover work were likely to be present in the courtroom during his testimony, [it] would have no difficulty inferring a substantial probability of likely prejudice." (*Ayala v Speckard, supra,* at 96.) Here, as previously indicated, the backup officer's

testimony at the *Hinton* hearing not only "suggested" such a possibility, but explicitly articulated this fear, and thus the grant of the People's application to close the courtroom was proper under *Ayala*.

Moreover, unlike *Ayala (supra)*, we note that here the court specifically informed defense counsel that it would consider alternatives, and that "if the defendant's family or any member of the public wants to be here * * * if anybody should turn up, and [defense counsel] would like [the court] to entertain an application to have that person present, [the court] would certainly open the record at that time and revisit [its] ruling". The court directed that a court officer stand outside the courtroom door to screen anyone seeking entry and to bring it to the court's attention and that the doors *not* be blocked in either direction. At no point did defense counsel or anyone else seek to have anyone admitted to the courtroom who was denied entry. Accordingly, we perceive no error on this record in the court's determination to grant the application to close the courtroom during the testimony of the undercover police officers.

Defendant's original claim regarding his sentencing as a second felony offender has been rendered academic, as he concedes, in light of the recently discovered transcript revealing that he was properly sentenced in compliance with CPL 400.21 (3). Thus, there is no need to remand for resentencing.

The order of this Court entered on November 7, 1996 is hereby recalled and vacated.

Record enlarged and unpublished decision and order of this Court entered on November 7, 1996 (Appeal No. 57807) recalled and vacated and a new decision and order released simultaneously herewith substituted therefor. Concur—Sullivan, J. P., Milonas, Rosenberger and Mazzarelli, JJ.