■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant. [665 NYS2d 647] —Judgment, Supreme Court, New York County (Alfred Donati, J.), rendered February 15, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant has not preserved his claim that his right to a public trial was violated by the security measures employed by the court, and we decline to review it in the interest of justice. Were we to review it, we would find that the undercover officer's concerns for his safety, notwithstanding his geographical reassignment, were sufficiently particularized to warrant the court's use of the screening procedure suggested by defendant as an alternative to closure. The screening of potential spectators was a traffic control device, not a closure of the courtroom (see, People v Colon, 71 NY2d 410, 417, cert denied 487 US 1239; People v Glover, 60 NY2d 783, 785, cert denied 466 US 975; see also, People v Rivera, 237 AD2d 178, lv denied 90 NY2d 863). Defendant's argument, raised for the first time on appeal, that the presence of a checkpoint had an intimidating effect upon potential spectators rests entirely on speculation. We note that, in any event, there is no indication that anyone was denied entry (see, United States v Brazel, 102 F3d 1120, 1155-1156, cert denied — US —, 118 S Ct 79).

Defendant's challenge to the court's advance ruling concerning some circumstances under which defendant might open the door to his impeachment by means of a pending charge became moot when defendant testified and the People refrained from eliciting anything about the pending charge or its underlying facts. Defendant's claim that the court's advance ruling impaired his strategy is unpreserved (People v Padro, 75 NY2d 820) and, in any event, conclusory. The court's advance ruling was in accordance with People v Betts (70 NY2d 289, 295).

We have considered defendant's remaining contentions and

find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.