■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. LANCASTER, Appellant. [688 NYS2d 711] —Crew III, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered January 23, 1998, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Pursuant to a plea bargain, defendant entered a plea of guilty to the crime of operating a motor vehicle while under the influence of alcohol as an unclassified misdemeanor (*see,* Vehicle and Traffic Law § 1192 [3]) in full satisfaction of a two-count indictment. Defendant waived his right to appeal and, in exchange, was sentenced to an agreed-upon term of three years' probation, the payment of a surcharge and fine, and the revocation of his license. On this appeal, defendant contends that County Court erred by accepting his plea without advising him that a subsequent conviction of the crime of driving while intoxicated would constitute a felony (*see,* Vehicle and Traffic Law § 1193 [1] [c]). We disagree.

Defendant did not move to withdraw his guilty plea or to vacate his conviction prior to this appeal and, hence, he has failed to preserve for our review the claim that his plea was not knowing, voluntary and intelligent (*see, People v Comer*, 236 AD2d 658, *lv denied* 89 NY2d 1090). Were we to consider defendant's contention, we nonetheless would find it to be

without merit. It is abundantly clear that the fact that a defendant is subject to enhanced criminal treatment for an offense that he or she may commit in the future is a collateral consequence of the plea, about which a defendant need not be advised (*see, e.g., People v Depeyster*, 115 AD2d 613).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.