■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WILSON, Appellant. [692 NYS2d 2] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered April 22, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly denied defendant's motion to suppress the pre-recorded buy money recovered from him after his arrest. A backup officer in this undercover buy and bust operation testified that he received a signal of a "positive buy" from the undercover officer (*see, People v Washington*, 87 NY2d 945), immediately after he saw the undercover officer talking with one of the three suspects who, in turn, conversed with defendant and the third suspect in the undercover officer's presence. This testimony was sufficient to establish probable cause for defendant's arrest, along with the two other suspects. Contrary to defendant's argument, there was "no uncertainty concerning the identity of the individuals participating in the drug transaction". (*People v Amoateng*, 141 AD2d 398, 400, *lv denied* 73 NY2d 852.)

Although the minutes of the *Hinton* hearing (*People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911) have been lost, neither summary reversal of defendant's conviction nor reconstruction proceedings are necessary, since defendant never objected to the court's ruling that family members and certain others would be permitted to be present while additional persons seeking entrance would be admitted with the court's approval, and since it appears that this screening procedure did not result in the exclusion of anyone from the courtroom during the undercover officer's testimony (*see, People v Perez*, 245 AD2d 71, *lv denied* 91 NY2d 976). Concur—Rosenberger, J. P., Williams, Andrias, Saxe and Buckley, JJ.