■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [698 NYS2d 880] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered February 20, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted for selling crack cocaine to an undercover officer in exchange for two five-dollar bills. The defendant argues that he was deprived of his right to a public trial when the trial court closed the courtroom to the general public during the undercover officer's testimony. We disagree.

Prior to the undercover officer's testimony, the trial court

conducted a *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) to determine whether the courtroom should be closed to protect the undercover officer's safety. At the close of the *Hinton* hearing, the trial court held that it would not close the courtroom during the undercover officer's testimony. Rather, the trial court ruled that during the undercover officer's testimony, all attorneys and the defendant's family would be admitted. A court officer would be placed outside the courtroom door to screen other potential spectators as to "who they are and what interest they have in coming to this Court[room]", and the court would then "determine whether [those individuals] should be admitted in".

After the undercover officer gave his trial testimony, the prosecutor stated on the record, without any objection from defense counsel, that (1) three individuals were present in the courtroom during the undercover's testimony, i.e., an attorney from defense counsel's office, another prosecutor from the District Attorney's office, and a member of the defendant's family, and (2) the court officer stationed outside the courtroom had reported that "at no time did anyone else seek to enter the courtroom and everyone who sought entrance was permitted in". Under these circumstances, the defendant's contention regarding closure of the courtroom is without merit. The defendant's alternate contention that the presence of a court officer stationed outside the courtroom had an intimidating effect upon potential spectators similarly is without merit (*see, People v Perez,* 245 AD2d 71).

The defendant's remaining contentions are either without merit or relate to harmless error in light of the overwhelming evidence of guilt (*see, People v Crimmins,* 36 NY2d 230). Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.