■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARON VINSON, Appellant. [722 NYS2d 739] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered December 7, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's claim under *Batson v Kentucky* (476 US 79) was rendered moot when the People offered to withdraw their challenge to the sole prospective juror in question and to seat her as a juror, thereby affording defendant the precise remedy he had sought on his unsuccessful *Batson* application (*see, People v Monserate*, 256 AD2d 15, *lv denied* 93 NY2d 855). Moreover, the issue was affirmatively waived when defendant then exercised his own peremptory challenge to the same prospective juror (*see, People v Miller*, 41 NY2d 857). Defendant's claim, raised for the first time on appeal, that the sequence of events could have affected his jury selection strategy is conclusory and unfounded (*see, People v Perez*, 245 AD2d 71, *lv denied*

91 NY2d 976). In any event, defendant's *Batson* claim was without merit. A fair reading of the totality of the record establishes that the court ruled, correctly, that no *prima facie* showing of discrimination had been made, and did not rule on the ultimate question of intentional discrimination (*see, People v Ocasio*, 253 AD2d 720, *lv denied* 92 NY2d 1036; *People v Barnes*, 219 AD2d 527).

The court properly exercised its discretion in denying defendant's mistrial motion based on certain comments by the prosecutor in the course of her summation, which comments could have been perceived as bolstering the undercover police witness's credibility, since these brief and isolated comments, even if improper, did not deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Defendant's claim that the court failed to give a sufficient curative instruction addressing the challenged comments is unpreserved, since, after the court agreed to include such an instruction in its final charge, and after the final charge included a general instruction on police credibility, defendant took no exception (*see, People v Whalen*, 59 NY2d 273, 280), and we decline to review this claim in the interest of justice. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.