■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSUE PIERRE, Appellant. [913 NYS2d 655]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 4, 2008, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of nine years, unanimously affirmed.

Defendant's plea was not rendered involuntary by the fact that the court did not advise him that his conviction could be used to enhance his sentence in his then-pending federal prosecution, and the court properly denied defendant's motion to withdraw his plea on that ground. The record establishes the voluntariness of the plea (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). In accepting a guilty plea, the court is only obligated to advise a defendant of direct rather than collateral consequences (People v Catu, 4 NY3d 242, 244-245 [2005]). Here, an enhanced sentence was a collateral consequence, at most. Generally, an enhanced sentence resulting from a subsequent conviction is a collateral consequence of a guilty plea (see People v Lancaster, 260 AD2d 660, 661 [1999]). Although defendant's federal case was already pending, at the time of the state plea, it was not known whether he would even be convicted of any federal charges. Moreover, although defendant characterizes his state conviction as "presumptively" enhancing his federal sentence, it appears that any enhancement was entirely discretionary. In any event, as defendant concedes, the state conviction was not actually used to enhance the federal sentence. Accordingly, there was no "consequence." Finally, we also note that the federal sentence was shorter than, and concurrent with, the state sentence.

Defendant's argument that his counsel provided ineffective assistance by not informing him about the possibility that his plea might affect his sentence in the federal prosecution is not reviewable on direct appeal, since, without development of the record by way of a CPL 440.10 motion, it cannot be determined what advice, if any, his counsel had provided on this subject (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that regardless of what advice counsel should have provided concerning the impact of the plea on the federal case, defendant has not shown any prejudice (*see Hill v Lockhart*, 474 US 52, 59 [1985]). Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.