THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G., Appellant. [925 NYS2d 879]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Chin-Brandt, J.), dated March 11, 2010, which summarily denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Lebowitz, J.), rendered April 5, 2000, adjudicating him a youthful offender, upon his plea of guilty to attempted robbery in the third degree.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion on the merits.

On February 8, 2000, the defendant pleaded guilty to attempted robbery in the third degree. He was adjudicated a youthful offender on April 5, 2000, and sentenced to a five-year period of probation. The defendant did not appeal from that judgment. More than eight years later, in June 2008, the defendant was convicted in federal court of conspiracy to distribute crack cocaine, and sentenced, as a career offender under section 4B1.1 (a) of the Federal Sentencing Guidelines, to life imprisonment without the possibility of parole. The defendant claims that the determination that he was a career offender, which served to enhance the sentence imposed on his federal conviction, was predicated in part on his prior youthful offender adjudication. In September 2009, the defendant moved pursuant to CPL 440.10 to vacate the judgment adjudicating him a youthful offender, alleging that his attorney had erroneously advised him at the time of his plea that a youthful offender adjudication could not be treated as a predicate felony conviction to enhance any future sentence. The Supreme Court summarily denied the defendant's motion, concluding that it was procedurally barred by CPL 440.10 (2) (c) because he had failed to appeal from the judgment adjudicating him a youthful offender.

CPL 440.10 (2) (c) provides that a court must deny a defendant's motion to vacate his or her conviction where, "[a]lthough

sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal." Here, the primary claim raised by the defendant's motion is that the attorney who represented him at the time of his February 2000 plea did not provide effective assistance because the attorney erroneously advised him that a youthful offender adjudication could not be used to enhance any future sentence. Since this claim is based on advice the defendant allegedly was given by his attorney rather than facts which would appear on the record, it is of the type which may be properly raised within the context of a motion pursuant to CPL 440.10 (*see People v Mobley*, 59 AD3d 741 [2009]; *People v Reynolds*, 309 AD2d 976 [2003]; *People v Perron*, 273 AD2d 549, 550 [2000]; *see also People v Pierre*, 80 AD3d 441, 442 [2011], *lv denied* 16 NY3d 862 [2011]). Accordingly, the defendant's motion was not procedurally barred by CPL 440.10 (2) (c). Under these circumstances, we remit the matter to the Supreme Court, Queens County, for a new determination of the defendant's motion on the merits, which should include a determination as to whether the allegations set forth in the defendant's affidavit are sufficient to warrant a hearing on the issue of whether his attorney was ineffective because of the attorney's alleged affirmative misstatements about the consequences of the youthful offender adjudication (*see People v White*, 67 AD3d 933, 934 [2009]; *People v Radcliffe*, 298 AD2d 533, 534 [2002]). Covello, J.P., Eng, Hall and Roman, JJ., concur.