THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER HERNANDEZ, Appellant. [931 NYS2d 518]—

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than that offered during plea negotiations does not establish that the County Court retaliated against him for exercising his right to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Ramos*, 74 AD3d 991, 992 [2010]; *People v Rodriguez*, 73 AD3d 815, 816-817 [2010]; *People v Hargroves*, 27 AD3d 765, 765-766 [2006]). In sentencing the defendant, the County Court properly considered his lack of remorse and his unwillingness to accept responsibility for the crimes (*see People v Cato*, 5 AD3d 394 [2004]; *People v Barnes*, 219 AD2d 527, 527-528 [1995]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.