■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ISAACS, Appellant. [942 NYS2d 220]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Vaughan, J.), dated July 24, 2007, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered June 19, 1996, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated March 30, 2010, this Court remitted the matter to the Supreme Court, Kings County, "to set forth findings of fact, conclusions of law, and reasons for its determination in accordance with CPL 440.30 (7)," and held the appeal in abeyance in the interim (*People v Isaacs*, 71 AD3d 1162 [2010]). The Supreme Court has filed its report.

Ordered that the order dated July 24, 2007, is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel; as so modified, the order dated July 24, 2007, is affirmed, the determination in an order of the same court dated July 13, 2010, that the defendant's claim of ineffective assistance of counsel is procedurally barred is vacated, and the matter is remitted to the Supreme Court, Kings County, for a determination, on the merits, of that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel.

The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the grounds that he was deprived of the effective assistance of counsel and that the prosecution failed to disclose and provide him with certain *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]). In an order dated July 24, 2007, the Supreme Court denied the defendant's motion. On appeal to this Court, we concluded that the Supreme Court, in denying the defendant's motion, "failed to comply with CPL 440.30 (7), which provides that '[r]egardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination' " (*People v Isaacs*, 71 AD3d 1162 [2010]). We thus held the appeal in abeyance, and remitted the matter to the Supreme Court, Kings County, for a statement in accordance with CPL 440.30 (7). In an order dated July 13, 2010, made upon remittitur, the Supreme Court concluded that the defendant's argument with respect to the alleged *Brady* violation was without merit, and that the defendant's "present claim of ineffective assistance of counsel is procedurally barred. The claim of ineffective assistance of counsel was not raised on direct appeal and is now procedurally barred." We modify the order dated July 24, 2007.

The defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record. Thus, the defendant has presented a " 'mixed claim' " of ineffective assistance of counsel (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Since the defendant's claim of ineffective assistance, which must be viewed as a whole, depends, in part, upon matter that does not appear on the record, it cannot be said that "sufficient facts appear on the record

of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion" (CPL 440.10 [2] [c]; *see People v Maxwell*, 89 AD3d at 1109). Thus, the defendant's claim is not procedurally barred, and "the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety" (*People v Maxwell*, 89 AD3d at 1109; *see People v Brown*, 45 NY2d 852 [1978]).

In light of the foregoing, the matter must be remitted to the Supreme Court, Kings County, for a determination, on the merits, of that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of counsel.

The defendant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Florio and Belen, JJ., concur.