■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYMOND MENTOR, Appellant. [982 NYS2d 908]—

Appeal by the defendant, by permission, from an order of the
Supreme Court, Kings County (Balter, J.), dated October 4,
2010, which, denied, without a hearing, his motion, in effect,
pursuant to 440.10 to vacate a judgment of the same court
(Broomer, J.) rendered May 23, 1990, convicting him of murder
in the second degree, upon his plea of guilty, and imposing
sentence.

Ordered that the order is reversed, on the law, and, the mat-
ter is remitted to the Supreme Court, Kings County, for a deter-
mination of the defendant's motion on the merits.

A motion pursuant to CPL 440.10 to vacate a judgment of
conviction must be denied when, although sufficient facts ap-
pear on the record to have permitted adequate review of the is-
sue raised upon the motion, no appellate review or determina-
tion occurred owing to the defendant's unjustifiable failure to
take or perfect an appeal or to raise such issue upon an appeal
actually perfected (CPL 440.10 [2] [c]). Since the basis for the
defendant's ineffective assistance of counsel claim included mat-
ters that do not appear on the record, it cannot be said that suf-
ficient facts appear on the record with respect to the ground or
issue raised upon the motion to have permitted adequate review
thereof on direct appeal (see CPL 440.10 [2] [c]). Accordingly,
the Supreme Court erred in denying the defendant's motion as
procedurally barred, without considering the merits of the de-
fendant's claim (see People v Maxwell, 89 AD3d 1108 [2011]; see
also People v Isaacs, 94 AD3d 1017 [2012]; People v Robert G.,
85 AD3d 1054 [2011]).

The Supreme Court did not err in not appointing counsel
absent the defendant's request (see People ex rel. Williams v La
Vallee, 19 NY2d 238, 240-241 [1967]). Upon remittitur, the court
may appoint counsel "in the exercise of [its] sound discretion"
(id. at 241). Skelos, J.P., Leventhal, Chambers and Maltese, JJ.,
concur.