■ The People of the State of New York, Respondent, v Javier Hernandez, Appellant. [4 NYS3d 108]—

Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Kahn, J.), dated January 7, 2013, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 12, 2008, convicting him of criminal sexual act in the first degree (two counts), attempted rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's

motion pursuant to CPL 440.10 which was to vacate the judgment rendered May 12, 2008, made on the ground that he was deprived of the effective assistance of counsel due to his trial counsel's alleged failure to consult or hire an expert witness; as so modified, the order is affirmed, and the matter is remitted to the County Court, Suffolk County, for a new determination, on the merits, of that branch of the defendant's motion.

The defendant was convicted, upon a jury verdict, of two counts of criminal sexual act in the first degree, attempted rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (*see People v Hernandez*, 88 AD3d 907 [2011]). This Court affirmed the judgment of conviction (*see id.*). The Court of Appeals denied leave to appeal (*see People v Hernandez*, 18 NY3d 859 [2011]). Thereafter, the defendant, appearing pro se, moved pursuant to CPL 440.10 to vacate the judgment of conviction. The defendant argued, inter alia, that he was deprived of the effective assistance of counsel due to his trial counsel's failure to consult or hire an expert witness on the issue of child sexual abuse syndrome so as to refute testimony offered by the People at the trial.

The County Court denied, without a hearing, the defendant's motion pursuant to CPL 440.10. The County Court determined that, to the extent that the defendant's claim of ineffective assistance of counsel was based on his trial counsel's alleged failure to consult or hire an expert witness, it was procedurally barred by CPL 440.10 (2) (c). A Justice of this Court granted the defendant leave to appeal from the order denying his motion (*see People v Hernandez*, 2013 NY Slip Op 79069[U] [2d Dept 2013]). We now remit the matter to the County Court, Suffolk County, for a new determination, on the merits, of that branch of the defendant's motion which was to vacate the judgment of conviction, made on the ground that the defendant was deprived of the effective assistance of counsel due to his trial counsel's alleged failure to consult or hire an expert witness.

CPL 440.10 (2) (c) provides, in part, that a court must deny a motion to vacate a judgment of conviction when, "[a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to" the defendant's "unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him [or her]."

In this case, although the record of the proceedings underlying the judgment reveals that the defense called no expert wit-

ness to testify on the issue of child sexual abuse syndrome, trial counsel's alleged failure to consult or hire such a witness does not appear in the record. Where, as here, the defendant's claim of ineffective assistance of counsel is premised on his attorney's failure to retain and call an expert witness, the claim involves matter dehors the record and, thus, is not properly raised on a direct appeal from the judgment (*see People v Staropoli*, 49 AD3d 568, 568-569 [2008]; *see also People v Miller*, 81 AD3d 854, 855 [2011]; *People v Gillespie*, 36 AD3d 626, 627 [2007]). Consequently, the defendant's contention that his trial counsel was ineffective in failing to consult or hire an expert witness on the issue of child sexual abuse syndrome, so as to refute the testimony offered by the People at trial, was of the type that properly may be raised in the context of a motion pursuant to CPL 440.10. Accordingly, that branch of the defendant's motion was not procedurally barred by CPL 440.10 (2) (c). Under these circumstances, we remit the matter to the County Court, Suffolk County, for a new determination, on the merits, of that branch of the defendant's motion which was to vacate the judgment of conviction, made on the ground that the defendant was deprived of the effective assistance of counsel due to his trial counsel's alleged failure to consult or hire an expert witness on the issue of child sexual abuse syndrome (*see People v Robert G.*, 85 AD3d 1054, 1055 [2011]). This new determination on the merits should include a determination as to whether the allegations set forth in the defendant's affidavit are sufficient to warrant a hearing on the issue of whether his trial counsel was ineffective for his alleged failure to consult or hire an expert witness (*see id.* at 1055).

The defendant's remaining contention is without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.