Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered on or about July 11, 2014, which denied defendant’s CPL 440.10 motion to vacate a judgment of conviction rendered January 21, 1986, unanimously affirmed. Appeal from order (same court and Justice), entered on or about March 19, 2014, unanimously dismissed, as subsumed within the appeal from the July 11, 2014 order.
The court’s summary denial of the motion (45 Misc 3d 396 [Sup Ct, Bronx County 2014]) was proper, because there was *638 no factual dispute that was sufficient to warrant a hearing. Defendant’s 1986 conviction arose from his arrest for possession of a revolver that was defaced, thereby constituting a nonviolent felony under Penal Law § 265.02 (3), and that was also “loaded” in the sense of being accompanied by ammunition (see Penal Law § 265.00 [15]), thereby constituting a violent felony under former Penal Law § 265.02 (4).
To the extent defendant is claiming that his 1986 conviction was not in fact a violent felony conviction, we note that defendant did not challenge the use of that conviction as a predicate violent felony at his 1990 adjudication as a second violent felony offender. Moreover, the 1986 conviction was similarly employed in adjudicating defendant a persistent violent felony offender in 2000, and this Court specifically upheld that adjudication (People v Lewis, 3 AD3d 402, 403 [1st Dept 2004], lv denied 1 NY3d 630 [2004]). In any event, regardless of whether any of defendant’s claims are procedurally barred (see People v Odom, 63 AD3d 408 [1st Dept 2009], lv denied 13 NY3d 798 [2009]), we find them to be without merit.
The plea minutes unambiguously show that defendant pleaded guilty to possession of a loaded weapon, which, as noted, constitutes a violent felony. There was no mention whatsoever of the Penal Law § 265.02 (3) defaced-firearm theory. Although a certificate of disposition, prepared long after the conviction, refers to Penal Law § 265.02 (3), the certificate is contradicted by the plea minutes, and is therefore both inaccurate and irrelevant.
The plea minutes also establish that the plea was knowing, intelligent and voluntary, and there is nothing to cast doubt on counsel’s effectiveness. Defendant claims that his plea was defective because he was not advised by his attorney, or by the court, of the consequences of pleading guilty to a violent felony as opposed to a nonviolent felony. However, the consequences he cites, most notably the more serious sentencing-enhancement consequences of a violent felony, are plainly collateral and contingent, and as such the absence of such advice did not invalidate the plea (see e.g. People v Pierre, 80 AD3d 441 [1st Dept 2011], lv denied 16 NY3d 862 [2011]; People v Watkins, 244 AD2d 269, 270 [1st Dept 1997], lv denied 92 NY2d 863 [1998]; People v Silvers, 163 AD2d 71 [1st Dept 1990], lv denied 76 NY2d 865 [1990]).
Concur — Tom, J.P., Acosta, Andrias, Moskowitz and Clark, JJ.