People v Lamotte (2020 NY Slip Op 03149)





People v Lamotte


2020 NY Slip Op 03149


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110099

[*1]The People of the State of New York, Respondent,
v
Jeremy A. Lamotte, Appellant.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Todd G. Monahan, Schenectady, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kathryn M. Moryl of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered December 4, 2017, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant waived indictment, pleaded guilty to a superior court information charging him with grand larceny in the fourth degree and waived his right to appeal. In exchange for his guilty plea, the People agreed to recommend a sentence of 1½ to 3 years in prison and, if eligible, not object to defendant being placed in the Willard drug treatment program. County Court accepted the plea agreement but stated that it was not committing to the recommended sentence, which defendant indicated he understood. Thereafter, the court, noting that defendant was not eligible for placement in the Willard drug treatment program, sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years, with a recommendation of shock incarceration. Defendant appeals.
Defendant contends that his plea was induced by the promise of participation in the Willard drug treatment program and that, once it was determined that he was ineligible for such program, County Court erred in failing to provide him an opportunity to withdraw his plea. Although defendant's contention, to the extent that it implicates the voluntariness of the plea, is not precluded by his unchallenged waiver of the right to appeal, it is nevertheless unpreserved as the record does not reflect that he objected to what he characterizes as an enhanced sentence nor did he make any postallocution motion to withdraw his plea (see People v Tole, 119 AD3d 982, 983-984 [2014]; People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]). Were this issue before us, we would find it to be without merit. A review of the record establishes that there was no commitment by the People or the court that defendant would be sentenced to the Willard drug treatment program. Although the People agreed not to oppose such a sentence in the event that defendant was eligible therefor, the record reflects that, given defendant's prior violent felony conviction, such sentence was not available. Moreover, the plea agreement form specifically provides that sentencing was at the sole discretion of the court and that defendant's plea was not conditioned upon or subject to the court committing to impose the recommended sentence agreed to by the People. Moreover, during the plea colloquy, the court explicitly informed defendant that it was making no sentencing commitment and that the maximum sentence of 2 to 4 years could be imposed, which defendant assured the court he understood. Under such circumstances, the court was under no obligation to provide defendant with an opportunity to withdraw his plea prior to imposing sentence (see People v Anderson, 177 AD3d 1031, 1032 [2019]; People v Roberts, 38 AD3d 1014, 1014-1015 [2007]; People v Hynes, 3 AD3d 740, 740 [2004]; People v Gero, 286 AD2d 789, 789 [2001], lv denied 97 NY2d 641 [2001]).
Garry, P.J., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.