People v Pelzer (2020 NY Slip Op 07594)





People v Pelzer


2020 NY Slip Op 07594


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-10335
 (Ind. No. 932/17)

[*1]The People of the State of New York, respondent,
v
Maurice Pelzer, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell and Libbi Vilher of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered February 13, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was involuntary because he was not informed at the plea proceeding that he would be ineligible for the Willard drug treatment program is unpreserved for appellate review (see People v Lamotte, 184 AD3d 907, 907). In any event, the record reflects that there was no promise by the People or the Supreme Court that the defendant would be placed in the Willard program, and the court's representation that it would consider the Willard program was not part of the defendant's plea agreement (see People v Lamotte, 184 AD3d at 908; People v Johnson, 137 AD3d 1419, 1420). Thus, the record does not support the defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made due to the court's remarks regarding the Willard program during the plea proceeding.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court