People v Martinez-Galdamez (2021 NY Slip Op 02178)





People v Martinez-Galdamez


2021 NY Slip Op 02178


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-08346
 (Ind. No. 18-166)

[*1]The People of the State of New York, respondent,
v
Henry Martinez-Galdamez, appellant.


The Ugell Law Firm, P.C., New City, NY (Scott B. Ugell of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered June 5, 2019, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, by grand jury indictment, with assault in the first degree and assault in the second degree. The charges related to an incident in which the defendant allegedly struck a victim with a bottle during an altercation at a bar.
The County Court providently exercised its discretion in denying, without a hearing, the defendant's motions to withdraw his plea of guilty. A motion to withdraw a plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests within the sound discretion of the court, and generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485; People v Stephens, 186 AD3d 751; People v Jemmott, 125 AD3d 1005, 1006). Here, the defendant did not set forth sufficient allegations to warrant either withdrawal of his plea or a hearing on the motions (see People v Goberman, 164 AD3d 602, 603; People v Innocent, 132 AD3d 696, 697; People v Jemmot, 125 AD3d at 1006).
The defendant has not preserved for appellate review his contention that the County Court failed to comply with CPL 390.20 and 380.50 in connection with his sentencing proceeding (see People v Anderson, 163 AD3d 981; People v Crosby, 133 AD3d 681, 682; People v McGinn, 96 AD3d 977, 978). In any event, the record shows that the court ordered a presentence investigation and report, and that the presentence report was completed several months prior to the date of sentencing. The defendant offered no evidence that the court did not receive or consider the presentence report prior to sentencing. Thus, the record does not show that the court failed to comply with the requirements of CPL 390.20(1) (see People v Evans, 193 AD2d 960, 961; People v Carmello, 114 AD2d 965; see also People v Rodriguez, 162 AD3d 513, 514). In addition, the record shows that the court substantially complied with the requirements of CPL 380.50 (see People v Desius, 188 AD3d 1626, 1629; People v Anderson, 163 AD3d at 981; People v Schwickrath, 40 AD3d 1218, 1219).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Pelzer, 189 AD3d 1268, 1268-1269; People v Maxwell, 89 AD3d at 1109).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court