People v Brisee (2021 NY Slip Op 50759(U))

[*1]

People v Brisee (Steven)

2021 NY Slip Op 50759(U) [72 Misc 3d 137(A)]

Decided on July 29, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 29, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2018-1832 W CR

The People of the State of New York,
Respondent,
against
Steven M. Brisee, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Westchester County District Attorney (William C. Milaccio of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Justice Court of the
Town of Harrison, Westchester County (Daniel D. Angiolillo, J.), imposed August 7, 2018, upon
his conviction of criminal trespass in the second degree, upon his plea of guilty.

ORDERED that the sentence is affirmed.
Defendant initially was charged in a felony complaint with attempted burglary in the third
degree (Penal Law §§ 110.00, 140.20), a class E felony. Defendant subsequently
entered into a plea agreement by which the charge was properly reduced to the class A
misdemeanor charge of trespass in the second degree (Penal Law § 140.15), to which
defendant pleaded guilty in exchange for a sentence of three years' probation. By this plea
agreement, defendant also resolved three other, separately-docketed, unrelated criminal matters
pending against him.
Defendant executed a waiver of appeal, but, as the People rightly concede, the waiver was
infirm. Both the prosecutor, who conducted the plea allocution, and the court "failed to advise the
defendant that he would ordinarily retain the right to appeal even after pleading guilty, but that in
this case he was being asked to voluntarily relinquish that right as a condition of the plea
agreement"(People v Mojica, 178
AD3d 856, 856-857 [2019]). Under such circumstances, "an appellate court cannot be
certain that the defendant comprehended the nature of the waiver of appellate rights" (People v Thomas, 34 NY3d 545,
565-566 [2019] [internal quotation marks omitted]; see People v Harris, 175 AD3d 1555, 1557 [2019] ["the record does
not demonstrate that [] defendant understood the nature of the right he was being asked to waive
or the distinction between the right to appeal and the other trial rights which are forfeited incident
to a plea of guilty"]).
Defendant's claim that the Justice Court deprived him of his statutory "right to make a
statement personally in his . . . own behalf" (CPL 380.50 [1]) is unpreserved for appellate review
[*2](see
People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Ospina, 175 AD3d 513, 515 [2019]). In any event, his
claim is belied by the record, which reflects that, prior to sentencing defendant, the court asked
him if there was "anything you'd like to say," to which defendant responded, "I'm confident that .
. . I will not do anything that would risk [being resentenced to] jail" by violating the conditions of
probation. This dialogue demonstrates clearly that the Justice Court more than "substantially
complied with the requirements of CPL 380.50" (People v Martinez-Galdamez, 193 AD3d 764, 765 [2021]; see
People v McClain, 35 NY2d 483, 488 [1974] ["While there was not conformity with the
literal dictates of (CPL 380.50), we nonetheless conclude that there was substantial
compliance"]).
Defendant's sentence also was not excessive, as "there has been no abuse of discretion and
we perceive neither a failure to observe sentencing principles nor a need to impose a different
view of discretion than that of the sentencing Judge" (People v Suitte, 90 AD2d 80, 86
[1982]). In light of the fact that "defendant pleaded guilty with the full understanding that he
would receive the sentence actually imposed . . . , he has no basis now to complain that the
sentence imposed is excessive" (People
v Galvez, 72 AD3d 838, 838 [2010]), especially since "defendant has not demonstrated
the existence of mitigating or extraordinary circumstances" that would warrant a finding of
excessiveness (People v Bacchus,
52 Misc 3d 140[A], 2016 NY Slip Op 51168[U], *1 [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2016], citing People v Farrar, 52 NY2d 302 [1982]; People v Vega, 73 AD3d 1218
[2010]; Suitte, 90 AD2d 80). Quite the opposite, defendant accepted the sentence of
probation as part of a very favorable plea deal, negotiated by two defense attorneys representing
him, by which he avoided a felony prosecution in this case, and that resulted in the resolution of a
total of four criminal matters pending against him, all without having to serve any jail time.
Accordingly, the sentence is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 29, 2021