█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MAXWELL, Appellant. [933 NYS2d 386]—

On July 18, 2007, following a jury trial, the Supreme Court rendered a judgment convicting the defendant of murder in the second degree and imposing sentence. While the defendant's direct appeal from the judgment was pending, the defendant moved pursuant to CPL 440.10 to vacate the judgment on the grounds that the People allegedly failed to disclose material evidence to the defense, that the People allegedly presented testimony at trial which they knew to be perjured, and that the defendant was deprived of the effective assistance of counsel. The branch of the motion claiming ineffective assistance alleged, among other things, that the defendant's trial counsel failed to perform a proper investigation, present certain expert testimony, inform the court of the People's failure to disclose material evidence, object to the People's knowing use of perjured testimony, use impeachment evidence against certain witnesses, object to certain remarks made by the prosecutor during her opening statement and summation, and request that certain lesser-included offenses be submitted to the jury. In an order dated July 27, 2009, the Supreme Court summarily denied the defendant's motion, without a hearing, on the ground that all of the claims raised by the defendant's motion were procedurally barred pursuant to CPL 440.10 (2) (b) because sufficient facts appeared on the record to permit adequate review of the claims upon the defendant's direct appeal from the judgment. The defendant appeals, by permission, from the order.

A motion pursuant to CPL 440.10 to vacate a judgment of

conviction must be denied when an appeal from the judgment is pending, and "sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]). Here, the Supreme Court incorrectly concluded that sufficient facts appear on the trial record to permit adequate review on direct appeal of the issues raised by the defendant upon his CPL 440.10 motion.

With respect to the defendant's claim that he was deprived of the effective assistance of counsel, we do not view each alleged mistake or shortcoming of his trial attorney as a separate "ground or issue raised upon the motion" (CPL 440.10 [2] [b]). Rather, the defendant's claim of ineffective assistance of counsel constitutes a single ground or issue upon which relief is requested. Indeed, under New York law, a claim of ineffective assistance of counsel "is ultimately concerned with the fairness of the process as a whole" (*People v Benevento*, 91 NY2d 708, 714 [1998]), and in reviewing such a claim, the evidence, the law, and the circumstances of the case must be " 'viewed in totality' " (*id.* at 712, quoting *People v Baldi*, 54 NY2d 137, 147 [1981]).

In this case, since some of the defendant's allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record, the defendant has presented a "mixed claim[ ]" of ineffective assistance (*People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In order to properly review a defendant's claim of ineffective assistance, a court must consider all of his or her allegations—as well as the evidence, the law, and the circumstances of the case—"in totality" (*People v Baldi*, 54 NY2d at 147). Thus, where, as here, a defendant presents a mixed claim of ineffective assistance that depends, in part, upon matters that do not appear on the record, it cannot be said that "sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]). Therefore, such a mixed claim, presented in a CPL 440.10 motion, is not procedurally barred, and the CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety (*see People v Elliott*, 8 Misc 3d 1020[A], 2005 NY Slip Op 51211[U] [2005]; *see generally People v Evans*, 16 NY3d at 574-575 n 2; *People v Brown*, 45 NY2d 852 [1978]; *cf. Massaro v United States*, 538 US 500 [2003]).

Similarly, those branches of the defendant's motion which alleged that the People failed to disclose material evidence to the

defense and knowingly presented perjured testimony at trial were based on matters that did not appear on the record and, therefore, were not procedurally barred under CPL 440.10 (2) (b).

Thus, the defendant's motion was not procedurally barred, and it should not have been summarily denied. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a determination of the defendant's motion on the merits. Prudenti, P.J., Florio, Eng and Chambers, JJ., concur.