■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON FREEMAN, Appellant. [940 NYS2d 314]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 26, 2010, as amended September 2, 2010, convicting him of rape in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

In *People v Maxwell* (89 AD3d 1108 [2011]), this Court held that the defendant's claim of ineffective assistance of counsel, made on a motion pursuant to CPL 440.10 to vacate the judgment of conviction, was not procedurally barred under CPL 440.10 (2) (b). The defendant's claim was based on several allegations of ineffectiveness, some of which involved matter appearing on the record and some of which involved matter outside the record. This Court concluded that, since the claim constituted a single, unified claim that must be viewed in totality, and was dependent, in part, on matter outside the record, it could not be said that " 'sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon [the defendant's direct appeal from the judgment of conviction]' " (*People v Maxwell*, 89 AD3d at 1109, quoting CPL 440.10 [2] [b]).

On this direct appeal from a judgment of conviction, the defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record. Thus, like the defendant in *People v Maxwell*, the defendant in this case has presented a " 'mixed claim' " of ineffective assistance of counsel (*People v Maxwell*, 89 AD3d at 1109, quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Although reversal of a judgment of conviction is appropriate where it is evident from matter appearing on the record that the defendant was deprived of the constitutional right to the effective assistance of counsel (*see People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]), that is not the case here. In this case, in order to resolve the defendant's claim of ineffective assistance of counsel, this Court would be required to consider matter outside the record. Since the defendant's claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the ineffective assistance claim in its entirety (*see People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.