THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER JAMES, Appellant. [942 NYS2d 365]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered September 14, 2010, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly concede, the defendant's purported waiver of his right to appeal was invalid (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). However, the defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.