■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEANNA BROWN, Appellant. [958 NYS2d 608]—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (R. Doyle, J.), rendered July 28, 2011, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of grand larceny in the fourth degree.

Ordered that the amended judgment is affirmed.

The defendant's claim that she was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the rec-

ord, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.