People v Lassiter (2016 NY Slip Op 06843)





People v Lassiter


2016 NY Slip Op 06843


Decided on October 19, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 19, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2014-08353
 (Ind. No. 88/13)

[*1]The People of the State of New York, respondent,
v Levy G. Lassiter, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent,



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered August 20, 2014, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not voluntary is unpreserved for appellate review, since he failed to move to withdraw his guilty plea (see People v Pryor, 11 AD3d 565). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Fiumefreddo, 82 NY2d 536, 543; People v Lopez, 71 NY2d 662, 666; People v Harris, 61 NY2d 9, 17). The defendant's factual allocution to criminal possession of a weapon in the second degree was sufficient (see Penal Law § 265.03; People v Chalmars, 176 AD2d 239, 240).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Rosado, 134 AD3d 1133). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Rivera, 71 NY2d 705; People v Love, 57 NY2d 998; People v Hernandez, 125 AD3d 885, 886-887; People v Maxwell, 89 AD3d at 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Renaud, 137 AD3d 818, 821; People v Addison, 107 AD3d 730, 732; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., DICKERSON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court