People v Bermudez (2019 NY Slip Op 02538)





People v Bermudez


2019 NY Slip Op 02538


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-03750

[*1]The People of the State of New York, respondent,
v
Jose Bermudez, appellant. 

(S.C.I. No. 169/18)

Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered February 28, 2018, convicting him of criminal possession of a controlled substance in the fifth degree and resisting arrest, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and resisting arrest. He was sentenced in accordance with the plea agreement, inter alia, to a term of incarceration of six months and a period of probation of five years on the conviction of criminal possession of a controlled substance in the fifth degree. On appeal, the defendant contends that his plea of guilty was not knowing, voluntary, and intelligent, because the Supreme Court did not advise him of the terms and conditions of probation, and because he was denied the effective assistance of counsel.
"[B]ecause they are collateral rather than direct consequences of a guilty plea, . . . the terms and conditions of probation are not subjects that a trial court must address at the plea hearing. . . . [A] trial court's neglect to . . . identify potential stipulations of probation during the plea colloquy does not undermine the knowing, voluntary and intelligent nature of a defendant's guilty plea" (People v Gravino, 14 NY3d 546, 550; see People v Belliard, 20 NY3d 381, 386). Here, when the defendant entered his plea of guilty, he was aware that the sentence would include a five-year period of probation. The Supreme Court's failure to detail the terms and conditions of that probation during the plea allocution does not undermine the knowing, voluntary, and intelligent nature of the plea.
The defendant's contention that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside of the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d at 806; People v Maxwell, 89 AD3d at 1109).
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court