People v Ogletree (2019 NY Slip Op 03373)





People v Ogletree


2019 NY Slip Op 03373


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-12377
 (Ind. No. 2033/15)

[*1]The People of the State of New York, respondent,
v
Robert Ogletree, appellant.


Forchelli Deegan Terrana, LLP, Uniondale, NY (Michael A. Ciaffa of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered October 13, 2017, convicting him of robbery in the third degree and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was observed shoplifting from a department store by an asset protection detective. According to the asset protection detective, when he asked the defendant to return the merchandise, the defendant "motioned towards his waistband on the right side of his body as if he had some type of weapon or firearm," "stated that he had a gun" and said "I suggest you get inside before I shoot." A jury found the defendant guilty of robbery in the third degree and petit larceny.
Contrary to the defendant's contention, the Supreme Court did not err in submitting the charge of robbery in the first degree to the jury. There was legally sufficient evidence to support the submission of this charge to the jury based on testimony and video evidence that the defendant threatened to shoot the asset protection detective while gesturing as if he had a gun (see People v Lopez, 73 NY2d 214, 219; People v Haney, 162 AD2d 613). Additionally, the conviction of robbery in the third degree was not against the weight of the evidence because a jury could have reasonably concluded that the defendant used the threat of force to retain the stolen property based on the same evidence (see People v Carr-El, 99 NY2d 546, 547).
The defendant's contention that the Supreme Court should have discharged a juror who appeared to be sleeping at certain times during the trial was waived, as the defendant expressly refused to consent to have the juror replaced.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance [*2]of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court