People v Blue (2020 NY Slip Op 00873)





People v Blue


2020 NY Slip Op 00873


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-03759
 (Ind. No. 17-00729)

[*1]The People of the State of New York, respondent,
v
Lamar I. Blue, appellant.


Paul N. Weber, Jr., Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered March 1, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
The defendant's contention that he received ineffective assistance of counsel during the plea negotiation process is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court