People v Hussain (2020 NY Slip Op 03129)





People v Hussain


2020 NY Slip Op 03129


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-06888
 (Ind. No. 2674/11)

[*1]The People of the State of New York, respondent,
v
Noor Hussain, appellant.


Lebedin Kofman LLP, New York, NY (Russ Kofman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered July 9, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with murdering his wife on April 3, 2011. At a nonjury trial, the defendant's attorney described the defendant as a "classic batterer" who "had hit [his wife] during at least 15 or 16 years." Trial counsel further conceded that "by hitting his wife a number of times in her head and over her body," the defendant had either recklessly caused her death, or had intentionally caused serious physical injury that resulted in her death.
On appeal, the defendant contends that his constitutionally protected autonomy right to assert his innocence of the criminal acts charged (see McCoy v Louisiana, 584 US ___, 138 S Ct 1500 [2018]; People v Maynard, 176 AD3d 512, 513) was violated when his trial counsel conceded the defendant's guilt of manslaughter in the second degree or, in the alternative, manslaughter in the first degree. Since the defendant's claim "implicates his relationship with his trial attorney and is to be proved, if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10" (People v Johnson, 51 NY2d 986, 988), we decline to review it on this direct appeal.
Similarly, the defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions regarding alleged prosecutorial misconduct [*2]are unpreserved for appellate review and, in any event, without merit (see People v Morrow, 143 AD3d 919, 921).
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court