People v Martinez (2021 NY Slip Op 03335)





People v Martinez


2021 NY Slip Op 03335


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-01191
 (Ind. No. 2393/12)

[*1]The People of the State of New York, respondent,
v
Solne Martinez, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn and David P. Greenberg of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, Vinnette K. Campbell, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered September 15, 2015, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record of the plea proceeding establishes that the defendant's plea of guilty was voluntarily, knowingly, and intelligently made (see People v Sougou, 26 NY3d 1052; People v Fiumefreddo, 82 NY2d 536; People v Lopez, 71 NY2d 662; People v Harris, 61 NY2d 9).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Maxwell, 89 AD3d at 1109).
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court