People v McTootle (2021 NY Slip Op 04619)





People v McTootle


2021 NY Slip Op 04619


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2019-12344
 (Ind. No. 367/18)

[*1]The People of the State of New York, respondent,
v
Tylil B. McTootle, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Rebecca L. Abensur and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard Sturim, J.), rendered August 20, 2019, convicting him of criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree, and criminal possession of marihuana in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his convictions are not supported by legally sufficient evidence is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Freeman, 93 AD3d 805, 806). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d at 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court