People v Tanveer (2022 NY Slip Op 03404)





People v Tanveer


2022 NY Slip Op 03404


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-03594
 (Ind. No. 206/15)

[*1]The People of the State of New York, respondent,
v
Rashid Tanveer, appellant.


Mark J. Fonte, Staten Island, NY (Gary R. DeFilippo of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie E. Kleinbart and Thomas B. Litsky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered June 21, 2017, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the Supreme Court did not adequately advise him of the immigration consequences of his plea. The defendant did not raise the issue or move to withdraw his plea, despite indicating on the record that he was aware that he could be deported as a result of pleading guilty (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d 168, 183; People v Ramsood, 161 AD3d 1198, 1199). Contrary to the defendant's contention, the exception to the preservation requirement (see People v Pastor, 28 NY3d at 1091; People v Williams, 27 NY3d 212, 221-222) is inapplicable here, as the plea colloquy, along with the defendant's acknowledgment that his attorney had discussed with him the possible immigration consequences of his plea, were sufficient to provide the defendant the opportunity to discover any error (see People v Mejia, 195 AD3d 1043, 1045; cf. People v Ulanov, 188 AD3d 1271, 1271). In any event, this contention is without merit (see People v Peque, 22 NY3d at 197; People v Ruiz-Solano, 188 AD3d 1267, 1267).
The defendant further argues that he received ineffective assistance of counsel because his attorney did not sufficiently advise him that his guilty plea would result in mandatory deportation. This contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court