People v Dieye (2022 NY Slip Op 04734)

People v Dieye

2022 NY Slip Op 04734

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2017-10252
 (Ind. No. 10548/11)

[*1]The People of the State of New York, respondent,
v
Youssouf Dieye, appellant.

Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Daniel Rosenblum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered September 10, 2015, convicting him of rape in the first degree, sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the verdict convicting him of sexual abuse in the first degree, while acquitting him of criminal sexual act in the first degree, was legally repugnant is without merit. "'In determining whether a verdict is legally repugnant, the court views the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial'" (People v Sims, 199 AD3d 841, 842, quoting People v Johnson, 159 AD3d 833, 834 [internal quotation marks omitted]; see People v Tucker, 55 NY2d 1, 4). "'If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case'" (People v Johnson, 197 AD3d 725, 727, quoting People v Johnson, 159 AD3d at 834 [internal quotation marks omitted]; accord People v Muhammad, 17 NY3d 532, 540). Here, viewing the elements of the offenses as charged to the jury (see People v Tucker, 55 NY2d 1), the jury's acquittal on the count of criminal sexual act in the first degree did not negate any of the essential elements of the count of sexual abuse in the first degree (see People v Ford, 76 NY2d 868; People v Wheeler, 67 NY2d 960).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court