People v Jones (2023 NY Slip Op 03363)

People v Jones

2023 NY Slip Op 03363

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03433
 (Ind. No. 1741/18)

[*1]The People of the State of New York, respondent,
v
Tadarrell Jones, appellant.

Jillian S. Harrington, Staten Island, NY, for appellant.
Letitia James, Attorney General, New York, NY (Paul B. Lyons and Robert C. McIver of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered September 12, 2019, convicting him of criminal sale of a firearm in the second degree, criminal sale of a firearm in the third degree (five counts), criminal possession of a weapon in the second degree (five counts), criminal possession of a weapon in the third degree (seven counts), criminal possession of a firearm (five counts), endangering the welfare of a child (four counts), and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the Supreme Court (see People v Pray, 183 AD3d 842, 842; People v Coleman, 138 AD3d 1014, 1015; People v Catts, 26 AD3d 341, 341), and the narrow exception to the preservation rule is inapplicable in this case (see People v Patel, 74 AD3d 1098, 1099). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered.
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court