People v Bautista (2023 NY Slip Op 05617)

People v Bautista

2023 NY Slip Op 05617

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05717
2022-05719

[*1]The People of the State of New York, respondent, 
v
Fernando Bautista, appellant. (S.C.I. Nos. 274/21, 733/21)

Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Westchester County (Alexandra D. Murphy, J.), both rendered April 26, 2022, convicting him of grand larceny in the fourth degree under Superior Court Information No. 274/21 and burglary in the third degree under Superior Court Information No. 733/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were effectively coerced by the poor conditions of his pretrial confinement is unpreserved for appellate review, as he did not move to withdraw his pleas or otherwise raise this issue in the County Court (see People v Lopez, 71 NY2d 662, 665; People v Morales, 202 AD3d 997). In any event, his contention is not supported by the record before this Court. While the defendant made comments on the record regarding the poor conditions of his pretrial confinement, these statements were made as part of a list of challenges he faced. The defendant concluded this list with a request for an adjournment to think about the plea offer, to which the County Court agreed. Nothing on the record evinces that the defendant's decision thereafter to accept the plea offer was affected or influenced by the circumstances of his pretrial confinement (see People v Harrington, 165 AD3d 1342, 1343). Further, the defendant confirmed during the plea allocution that he was pleading guilty voluntarily (see People v Oden, 150 AD3d 1269, 1270). Accordingly, there is no basis in the record before us to disturb the judgments of conviction (see People v Jones, 217 AD3d 884; People v Harrington, 165 AD3d at 1343).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on these direct appeals (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court