People v Padilla-Padilla (2024 NY Slip Op 06062)

People v Padilla-Padilla

2024 NY Slip Op 06062

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2021-06110

[*1]The People of the State of New York, respondent,
v
Julio Padilla-Padilla, appellant. (S.C.I. No. 10048/20)

B. Alan Seidler, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Karen Gopee, J.), rendered November 5, 2020, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel in connection with his sentencing is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Rodriguez, 224 AD3d 783, 785; People v Freeman, 93 AD3d 805, 806).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court