People v Heggs (2025 NY Slip Op 02351)

People v Heggs

2025 NY Slip Op 02351

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2018-13205
 (Ind. No. 3426/15)

[*1]The People of the State of New York, respondent,
v
Milan Heggs, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and David E. Mehl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered October 16, 2018, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was driving on the Belt Parkway in excess of the speed limit when he failed to stop for standstill traffic and crashed into the vehicle ahead of him, causing that vehicle to flip over onto its roof, and killing the driver. The defendant continued to drive forward after this crash, hitting other vehicles until he collided with a guardrail. After a jury trial, the defendant was convicted of manslaughter in the second degree.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the People demonstrated that there was probable cause to arrest the defendant for driving while intoxicated based, among other things, on the hearing testimony of a police officer regarding the defendant's intoxicated appearance at the scene of the crash and the defendant's failure after multiple tries to blow sufficient breath into a portable breath test device (see People v Beaupre, 170 AD3d 1031, 1032; People v Dudley, 169 AD3d 1059, 1060).
The defendant contends that his Sixth Amendment right to confrontation was violated because the People did not produce the analyst who personally performed the toxicology testing to determine the defendant's blood alcohol content. This contention is without merit, as the People's toxicology expert testified to his "own independent conclusions" based upon his "independent review of primary data" (People v Ortega, 40 NY3d 463, 477), and thus, was not merely "functioning as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see People v Gibson, 163 AD3d 586, 588).
The defendant's contention that he was deprived of the effective assistance of counsel [*2]is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The Supreme Court did not improvidently exercise its discretion in sentencing the defendant as a persistent felony offender (see Penal Law § 70.10; People v Lydon, 209 AD3d 764, 765), and the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court