People v Hufcut (2025 NY Slip Op 03735)

People v Hufcut

2025 NY Slip Op 03735

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-03790
 (Ind. No. 191/22)

[*1]The People of the State of New York, respondent,
v
Robert Hufcut, also known as Robert Hufcut, Sr., appellant.

Law Office of Matthew Galluzzo, PLLC, New York, NY (Matthew J. Galluzzo of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss and Edward Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered March 7, 2023, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). To the extent the defendant contends that the County Court improperly penalized him for exercising his right to a trial, this contention is unpreserved for appellate review and, in any event, without merit (see People v Cherry, 127 AD3d 879, 881).
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court