People v Palacios-Acosta (2025 NY Slip Op 07317)

People v Palacios-Acosta

2025 NY Slip Op 07317

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2024-06547
 (Ind. No. 71351/24)

[*1]The People of the State of New York, respondent,
vGenri Palacios-Acosta, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes and Antonella Karlin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Howard E. Sturim, J.), rendered July 9, 2024, convicting him of attempted robbery in the second degree and robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the People failed to comply with the disclosure requirements of CPL article 245 prior to his plea of guilty. He further contends that he did not validly waive the disclosure requirements of CPL article 245. However, these contentions are unpreserved for appellate review, as the defendant did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issues in the County Court, although he had ample time to do so (see People v Lopez, 71 NY2d 662, 665-666; People v Guerrero, 236 AD3d 818, 818). We decline to review these contentions in the exercise of our interest of justice jurisdiction (see People v Gavidia, 151 AD3d 883, 883; People v Thomas, 148 AD3d 734).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1108).
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court