■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MARTINEZ, Appellant. [39 NYS3d 154]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered February 16, 2012, convicting defendant, after a nonjury trial, of sexual abuse in the third degree, attempted sexual abuse in the second degree, and attempted endangering the welfare of a child, and sentencing him to an aggregate term of 60 days, with one year's probation, unanimously modified, on the law, to the extent of vacating the attempted endangerment conviction and dismissing that count, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's credibility determinations, including its evaluation of the victim's explanations for her delay in reporting the sexual abuse.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court permitted the prosecutor to elicit the facts underlying defendant's 2006 conviction of assaulting his then-girlfriend, which was relevant to his credibility, while precluding any cross-examination about offenses that were more remote in time.

Defendant's challenges to other evidentiary rulings and to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that any error was harmless, particularly in the context of a nonjury trial, in light of the overwhelming evidence of defendant's guilt.

As the People concede, the charge of attempted endangering the welfare of a child is time-barred, and we dismiss this claim in the interests of justice. Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.