People v Duncanson (2021 NY Slip Op 07011)





People v Duncanson


2021 NY Slip Op 07011


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-03265
 (Docket No. 15356/18)

[*1]The People of the State of New York, respondent,
v
Daniel Duncanson, appellant. Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Elise Bonine of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), rendered September 17, 2018, convicting him of attempted assault in the third degree (two counts), menacing in the third degree (two counts), harassment in the second degree (two counts), attempted endangering the welfare of a child, and attempted criminal possession of a weapon in the fourth degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 15, 2018, the defendant struck the complainant, his girlfriend at the time, several times with a metal spoon while she was holding their infant son. This incident caused redness and soreness on the complainant's arm. On March 14, 2018, the defendant struck the complainant on the cheek with a blender blade, causing a gash to her cheek. After a nonjury trial, the defendant was convicted of attempted assault in the third degree (two counts), menacing in the third degree (two counts), harassment in the second degree (two counts), attempted endangering the welfare of a child, and attempted criminal possession of a weapon in the fourth degree (two counts). The defendant appeals.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633). "Resolution of issues of credibility, as well the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, [who] saw and heard the witnesses" (People v Fields, 28 AD3d 789, 790). "Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record" (id. at 790). Contrary to the defendant's contention, the discrepancies in the complainant's testimony were not of such magnitude that her testimony could not be credited; these discrepancies were fully explored at trial and could be considered by the trial court in assessing the complainant's credibility (see People v Esguerra, 178 AD3d 722, 725; People v Sam, 164 AD3d [*2]1379, 1380; People v Allen, 107 AD3d 818, 818-819). Moreover, the complainant's delay in reporting the incidents was adequately explained (see Matter of Donovan C., 176 AD3d 469, 470; People v Martinez, 143 AD3d 564, 564).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the judgment.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court