People v Allgood (2023 NY Slip Op 02678)

People v Allgood

2023 NY Slip Op 02678

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03139
 (Ind. No. 109/19)

[*1]The People of the State of New York, respondent,
v
Joseph Allgood, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Philip Goglas, J.), rendered November 15, 2019, convicting him of attempted robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the suppression of certain statements made by the defendant.
ORDERED that the judgment is affirmed.
The defendant attempted to commit a robbery inside of a 7-Eleven store in Center Moriches. During the incident, the defendant utilized a box cutter and caused physical injury to two store clerks as they restrained him from carrying out the robbery.
After his arrest, the defendant made certain statements in the presence of a police officer, and then to a police sergeant, and a detective. The County Court, after a hearing at which these law enforcement officials testified, denied suppression of those statements. The defendant was then convicted of two counts of attempted robbery in the second degree.
Contrary to the defendant's contention "[a]ny inconsistencies in the [law enforcement officials'] testimony did not establish that the testimony was tailored to nullify constitutional objections and did not render the testimony incredible or unreliable" (People v Wilson, 211 AD3d 973, 974; see People v James, 19 AD3d 617, 618). Accordingly, the County Court properly denied suppression of the statements made by the defendant.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Where a store clerk testified that the defendant angrily swore at him and demanded money from him as soon as he opened the cash register, then "attacked" the register, fought with him, and pulled out a box cutter when he physically resisted the robbery attempt and tried to restrain the defendant, the People established the defendant's implied threat of force, despite the fact that the clerk did not see the box cutter in the defendant's hand until after he began restraining the defendant (see People v Woods, 41 NY2d 279, 282; People v Saeed, 60 AD3d 975, 976; see also People v Schulz, 4 NY3d 521, 525).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The testimony of one of the complainants was corroborated by surveillance videos and the defendant's own inculpatory statements (see People v Ratliff, 165 AD3d 845).
Contrary to the defendant's contention, the County Court providently exercised its discretion in limiting the defendant's cross-examination of the People's witnesses regarding alleged 7-Eleven store employee policies, since the proposed line of questioning was only marginally relevant and concerned collateral issues (see People v Mitchell, 188 AD3d 1101, 1102; People v Bistonath, 216 AD2d 478).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court