People v Hoover (2023 NY Slip Op 51379(U))

[*1]

People v Hoover (Deirdre)

2023 NY Slip Op 51379(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2021-242 S CR

The People of the State of New York, Respondent,
against
Deirdre Hoover, Appellant. 

Deirdre Hoover, appellant pro se.
Suffolk County District Attorney (Shiry Gaash and Glenn Green of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Eric Sachs, J.), rendered April 12, 2021. The judgment, after a nonjury trial, convicted defendant of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in separate accusatory instruments with, respectively, driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), failure to maintain a lane (Vehicle and Traffic Law § 1128 [c]), and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). After a nonjury trial, defendant was convicted of driving while ability impaired and sentence was imposed.
On appeal, defendant contends that the court improperly curtailed cross- examination of the arresting officer regarding his interaction with defendant the day after she was arrested. In our opinion, the court did not improvidently exercise its discretion in limiting the cross-examination of the arresting officer, since the proposed line of questioning was only marginally relevant and concerned collateral issues (see People v Allgood, 216 AD3d 995 [2023]; People v Mitchell, 188 AD3d 1101 [2020]).
Defendant's contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). "Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, [*2]806 [2012]; People v Maxwell, 89 AD3d at 1109)" (People v Llanos, 215 AD3d 691, 691 [2023]).
Defendant's remaining contentions either lack merit or, because they are based on matters outside the record, would need to be raised in a motion pursuant to CPL 440.10.
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023