People v Stewart (2023 NY Slip Op 06385)

People v Stewart

2023 NY Slip Op 06385

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-09729
 (Ind. No. 6286/17)

[*1]The People of the State of New York, respondent,
v
Hopeton Stewart, appellant.

Patricia Pazner, New York, NY (Sean H. Murray and White & Case LLP [Dana Foster, Cristina Cornejo, and Joanna Schacter], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered August 1, 2019, convicting him of attempted murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, in connection with a shooting incident in Brooklyn. After a jury trial, the defendant was convicted of attempted murder in the second degree and assault in the second degree.
Contrary to the defendant's contention, his convictions were not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). We find no basis to disturb the jury's determination to credit the testimony of the complainant, as he testified unequivocally that the defendant, who was well known to him, was the perpetrator, and the other evidence corroborated the complainant's identification testimony (see People v Allgood, 216 AD3d 995, 996; People v Murphy, 197 AD3d 1257, 1257-1258; People v Carmona, 185 AD3d 600, 602, mod 37 NY3d 1016). Contrary to the defendant's contention, the purported discrepancies between the complainant's testimony and the testimony of other witnesses, and between the complainant's trial testimony and his prior grand jury testimony, were not of such magnitude as to render the testimony incredible or unreliable (see People v Duncanson, 200 AD3d 905, 906; People v Esguerra, 178 AD3d 722, 725).
The defendant's contention that the jury verdict finding him guilty of attempted murder in the second degree and assault in the second degree and acquitting him of criminal possession of a weapon in the second degree was repugnant is not preserved for appellate review, [*2]as the defendant failed to raise before the formal discharge of the jury at trial his current specific contentions raised on appeal (see People v Alfaro, 66 NY2d 985; People v Williams, 211 AD3d 1055, 1057-1058). The defendant's contention that he was deprived of his constitutional right to present a defense, because the Supreme Court denied his request for an adjournment of the trial until a certain witness was available, is also not preserved for appellate review (see People v Angelo, 88 NY2d 217, 222; People v Cooper, 192 AD3d 823, 823-824). We decline to reach these unpreserved contentions in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Mack, 203 AD3d 1178, 1178; People v Taylor, 185 AD3d 724, 725).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court